UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINO PALMIOTTO,<br><br>　　　　Plaintiff,<br>v.<br><br>AMERICA'S SERVICING COMPANY,<br>WELLS FARGO HOME MORTGAGE,<br>NDEX WEST LLC, and DOES 1<br>through 100, inclusive,<br><br>　　　　Defendants. | Civil No. 11cv2723 JAH(WVG)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. # 3]** |

## INTRODUCTION

Currently pending before this Court is the motion to dismiss filed by defendants Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A. and Wells Fargo Bank,W N.A. d/b/a America's Servicing Company ("ASC") (collectively "defendants"). The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART defendants' motion.

//
//
//
//
//

**BACKGROUND**

**1.  Factual Background**[1]

Plaintiff Dino Palmiotto ("plaintiff") is the owner of real property located at 2801 Paseo Del Sol, Escondido, California 92025 ("the subject property").  On November 14, 2005, plaintiff executed a promissory note in favor of Steward Financial, Inc.[2] in the amount of $962,500.00, and  a deed of trust ("DOT") on the subject property as security for the loan.  The DOT was recorded on November 21, 2005.  The DOT named Commerce Title Company ("CTC") as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") was named the beneficiary.  Plaintiff contacted ASC in December 2008 to discuss a loan modification and submitted documentation shortly thereafter.  The loan modification process is still pending.

On February 27, 2009, defendant NDEx West, LLC ("NDEx") executed and served upon plaintiff a Notice of Default ("NOD") on behalf of defendant America's Servicing Company ("ASC").  The NOD was recorded on March 3, 2009.  A substitution of trustee was recorded on April 16, 2009, substituting NDEx as trustee under the DOT.  An assignment of deed of trust was recorded on April 20, 2009, transferring beneficial interest in the loan to HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass-Through Certificates Series 2006-AR2 ("HSBC").  A Notice of Trustee's Sale was recorded on June 9, 2009.  No foreclosure sale has been conducted as of the date of this Order.

**2.  Procedural History**

Plaintiff filed the instant complaint before the San Diego County Superior Court on October 12, 2011, alleging six causes of action:  (1) breach of the covenant of good faith and fair dealing; (2) violations of non-judicial foreclosure statutes; (3) concealment;

---

[1] These background facts are, for the most part, taken directly from plaintiff's complaint and from documents which this Court takes judicial notice.  These facts are assumed true for purposes of the instant motion.  *See* Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

[2] Plaintiff alleges Steward Financial has since dissolved and its assets were acquired by defendant America's Servicing Company.

(4) negligence; (5) declaratory relief; and (6) violation of California Business & Professions Code § 17200. Defendants removed the complaint to this Court on November 21, 2011 on diversity grounds. Thereafter, defendants' motion to dismiss was filed challenging the sufficiency of the complaint. Plaintiff filed an opposition to which defendants replied. This Court subsequently took the motion under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

Defendants move to dismiss plaintiff's complaint on the grounds that all of plaintiff's causes of action fail to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**1.    Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); *see* Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service,

572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, a court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice. Lee v. Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See* Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**2.   Analysis**

Defendants move to dismiss all of plaintiff's causes of action. Specifically, defendants contend (a) plaintiff's breach of the implied covenant of good faith and fair dealing claim must be dismissed because: (1) plaintiff lacks standing to enforce the consent order which forms the basis of plaintiff's claim; and (2) plaintiff fails to state facts sufficient to state a claim for breach of the implied covenant of good faith and fair dealing; (b) plaintiff's claims,[3] with the exception of plaintiff's California Civil Code § 2923.5 claim, must be dismissed because plaintiff failed to tender the amount owed on the note and DOT as required to challenge a foreclosure sale; (c) plaintiff fails to state facts

---

[3] Defendants contend that all of plaintiff's claims, except his § 2923.5 claim, are subject to the tender rule and thus seeks dismissal of all claims on this basis. *See* Doc. # 3 at 7.

sufficient to state a claim for wrongful foreclosure; (d) plaintiff's fraudulent concealment claim fails for lack of specificity and for lack of facts demonstrating wrongful conduct; (e) plaintiff's negligence claim fails because defendants owe no duty to plaintiff; (f) plaintiff's declaratory relief claim fails because plaintiff does not allege the existence of an actual controversy; and (g) plaintiff's Business & Professions Code § 17200 fails because the complaint fails to allege wrongful conduct.

### a. Breach of the Implied Covenant of Good Faith and Fair Dealing

#### 1. Standing

Defendants contend plaintiff's first cause of action for breach of the implied covenant of good faith and fair dealing fails because plaintiff lacks standing. *See* Doc. # 3 at 3-4. Defendants explain that plaintiff's claim is "fundamentally based on Wells Fargo and ASC's alleged failure to comply with an April 13, 2011 Stipulation and Consent Order ("Consent Order")[4] issued by the Office of the Comptroller of Currency ("OCC")." Id. at 3. According the defendants, plaintiff is barred from seeking to enforce the Consent Order because he is neither a party to, nor an intended beneficiary of the Consent Order. Id. Defendants compare this issue with those homeowners who have sought to enforce the Home Affordable Modification Program ("HAMP") and failed due to lack of standing. Id. (citing Escobedo v. Countywide, 2009 WL 4981618 *2-3 (S.D.Cal. 2009)(finding "[p]arties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary ...)(internal citations omitted)). Defendants note that courts interpreting HAMP have found borrowers do not have enforceable rights under the contract. Id. at 3-4 (citing cases). Defendants contend the Consent Order here "lacks the requisite language establishing an intention to provide enforceable rights to [p]laintiff, who is an incidental beneficiary at best." Id. at 4 (citing Doc. # 3-2, Exh. 1).

---

[4] Defendants seek this Court's judicial notice of the Consent Order, attached to defendants' Request for Judicial Notice as Exhibit 1, noting such notice is appropriate because plaintiff's complaint relies heavily upon the Consent Order and is quoted at length in the complaint. Doc. # 3 at 4-5 (citing Compl. ¶¶ 24-32, 46, 50, 64, 97, 113. This Court deems it appropriate to take judicial notice of the Consent Order since plaintiff refers to the document in his complaint and does not challenge its authenticity.

In opposition, plaintiff does not dispute the fact that his complaint relies upon the Consent Order, but contends he only relies upon it as corroborative evidence in support of his allegations regarding defendants' alleged misconduct in administering and overseeing the foreclosure-related services at issue in this case. Doc. # 4 at 4. Plaintiff asserts he does not seek, in his complaint, to enforce the terms of the Consent Order. Id.  In reply, defendants contends that, because plaintiff concedes the Consent Order is the basis for his good faith and fair dealing claim and its provisions expressly prohibits non-parties such as plaintiff to seek "any benefit" by enforcing its terms, plaintiff's good faith and fair dealing claim must necessarily fail for lack of standing. Doc. # 5 at 1-2.

This Court's review of the complaint reveals plaintiff does include various provisions of the Consent Order as factual support for his claims. *See* Compl ¶¶ 24-32. In addition, this Court notes plaintiff repeatedly alleges, in his complaint, that defendants' actions are violative the Consent Order or are in contradiction to the intent of the OCC in entering into the Consent Order. *See* Compl. ¶¶ 46, 50, 64, 97, 113. However, viewing the allegations presented in the complaint as a whole and in the light most favorable to plaintiff as required on a motion to dismiss, *see* Thompson, 295 F.3d at 895; Cahill, 80 F.3d at 337-38, this Court finds plaintiff does not expressly seek to enforce the provisions of the Consent Order but, instead, includes the information as supportive facts regarding defendants' alleged wrongdoings. Although defendants are correct that plaintiff cannot enforce the terms of the Consent Order, this Court finds the inclusion of these irrelevant facts is not fatal to plaintiff's complaint. Because none of plaintiff's causes of action, including his breach of the implied covenant of good faith and fair dealing, seek any sort of relief for any alleged violation of the Consent Order, this Court finds plaintiff does not lack standing simply because he includes irrelevant facts to support his claims. Accordingly, defendants' motion to dismiss this claim for lack of standing is DENIED.

//
//
//

### 2. Failure to State a Claim

Defendants also contend plaintiff's breach of the implied covenant of good faith and fair dealing cause of action fails to state a claim for relief because the complaint does not contain facts establishing defendants breached the terms of the DOT nor facts demonstrating defendants "unfairly frustrated [plaintiff's] receipt of the benefits of the actual contract since [p]laintiff admittedly used the loan proceeds to refinance the Property." Doc. # 3 at 8. Defendants explain that the covenant of good faith and fair dealing is implied by law in every contact and exists to prevent one party from unfairly frustrating the other contracting party's right to receive the benefit of the agreement. Id. Defendants contend that the covenant does not impose substantive duties on the contracting parties beyond those contained in the express terms of the agreement. Id. Thus, defendants contend plaintiff cannot state a claim for relief based on allegations that defendants did not offer plaintiff a modification of the loan agreement because such a claim is not supported by any state or federal law. Id. Defendants also point out that, to the extent plaintiff relies upon California Civil Code § 2923.5 in support of this claim, the statute does not place a duty upon defendants to modify plaintiff's loan and, thus plaintiff's claim fails. Id.

In opposition, plaintiff contends that he states a claim for breach of the implied covenant of good faith and fair dealing by alleging defendant "unreasonably refus[ed] to cooperate" with plaintiff when plaintiff sought a modification of the loan. Doc. # 4 at 6-7 (citing Peak-Las Positas Partners v. Bollag, 172 Cal.App.4th 101, 103 (2009)). In reply, defendants point out that the Peak-Las Positas case does not aid plaintiff because there the contract granted a discretionary power, that is, that consent for future escrow extensions would not be unreasonably withheld, a provision not present here. Doc. # 5 at 3. According to defendants, because a contract with such a provision requires the reasonable exercise of discretion, the Peak-Las Positas court found the issue of good faith and fair dealing turned on a question of fact. Id. at 3-4 & n.12-13 (citing Peak-Las Positas, 172 Cal.App.4th at 106). Defendants thus claim plaintiff's claim must fail as a

matter of law since no such provision is contained in the contract here. Id. at 4.

This Court agrees with defendants. The express terms of the agreement at issue do not, based on this Court's review, impose a substantive duty upon defendants to offer plaintiff a loan modification. Therefore, plaintiff's claim that defendants breached the covenant of good faith and fair dealing fails to state a claim that is plausible on its face. *See* Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 547.

**b.    Tender**

Defendants next move to dismiss all of plaintiff's claims, except for plaintiff's § 2923.5 claim, for failure to tender the amount required to cure the loan's default. Doc. # 3 at 5-7. Generally, tender of the amount owed is a condition precedent to any claim for wrongful foreclosure or challenge to the validity of a foreclosure sale. *See* Abdallah v. United Savings Bank, 43 Cal.App.4th 1101, 1109 (1996); Arnold's Management Corp. v. Eischen, 158 Cal.App. 3d 575, 578 (1984); Gardner v. Am. Home Mtg. Servicing, Inc., 2010 WL 582117 (E.D.Cal. 2010). This Court notes that the majority of California district courts recognize that plaintiffs seeking to set aside a completed foreclosure must allege the ability to tender. *See*, *e.g.*, Lipscomb v. Mortgage Elec. Registration Sys., Inc., 2011 WL 3361132 at *7 (E.D.Cal. 2011); Davidson v. Countrywide Home Loans, Inc., 2011 WL 1157569 at *3 (S.D.Cal. 2011); Grant v. Aurora Loan Services, Inc., 736 F.Supp.2d 1257, 1269-70 (C.D.Cal. 2010); Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp. 2d 1177, 1184 (N.D.Cal. 2009).

Although defendants contend there is no authority supporting plaintiff's claim that the tender rule does not apply to parties seeking to prevent a foreclosure sale, this Court's independent research reveals that courts have recognized exceptions to the tender rule, such as when it is inequitable, when a party is seeking to prevent a sale rather than set aside a completed sale, and where the sale is void rather than voidable. *See* Tamburri v. Suntrust Mortg., Inc., 2011 WL 6294472 *3 (N.D.Cal. 2011). Here, there is no dispute that plaintiff seeks to enjoin the pending foreclosure sale of his property. *See* Doc. # 4 at 5, Doc. # 5 at 2; *see also* Compl. ¶¶ 20, 39. Thus, this Court finds the tender rule is not

applicable in this case and defendants' motion to dismiss on this basis fails.

### c. Wrongful Foreclosure

Next, defendants contend plaintiff's wrongful foreclosure claims fail to state a claim for relief.[5] Doc. # 3 at 8. In opposition, plaintiff explains that his wrongful foreclosure claims arise under § 2923.5 and § 2924, and allege defendants (1) failed to contact him to explore options for avoiding foreclosure prior to recording the NOD as required by § 2923.5; and (2) initiated non-judicial foreclosure through an unauthorized Trustee prior to recording the DOT as required by § 2924. Doc. # 4 at 7.

#### 1. Section 2923.5

Defendants contend plaintiff's wrongful foreclosure claim under § 2923.5 fails because it is preempted by federal law.[6] Defendants argue that § 2923.5 is preempted by the National Banking Act, 12 U.S.C. § 21 *et seq.* ("the NBA"), citing various cases that found preemption applicable. Doc. # 3 at 16-17 & nn.87, 92 (citing <u>Acosta v. Wells Fargo Bank, N.A.</u>, 2010 U.S. Dist. LEXIS 50602 at *23-25 (N.D. Cal. May 20, 2010); <u>Taquinod v. World Sav. Bank, FSB</u>, 2010 U.S. Dist. LEXIS 127677 at *19-20 (C.D. Cal. Dec. 2, 2010); <u>Moreno v. Wells Fargo Home Mortg.</u>, 2011 U.S. Dist. LEXIS 39468 (S.D. Cal. Apr. 12, 2011); <u>Beall v. Quality Loan Serv. Corp.</u> 2011 U.S. Dist. LEXIS 29184 at *22 (S.D. Cal. Mar. 21, 2011), among others). Plaintiff contends, in opposition, that the only California appellate opinion addressing this issue "unequivocally held as follows: 'Is

---

[5] Defendants first contend plaintiff's wrongful foreclosure claim fails because plaintiff fails to state facts demonstrating the foreclosure was wrongful, in that, plaintiff does not dispute he breached the terms of the DOT by defaulting on the loan in 2009 and, thus, cannot pursue a cause of action for wrongful foreclosure. Doc. # 3 at 8-9 (citing <u>Parcray v. Shea Mortg., Inc.</u>, 2010 WL 1659369 at *13 (E.D.Cal. 2010)("An action for the tort of wrongful foreclosure will lie [only] if the trustor or mortgagor can establish that ... no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.")). Defendants also contend that plaintiff's wrongful foreclosure claim is not ripe for adjudication because the sale has yet to take place. <u>Id.</u> at 9. Since neither of these contentions are addressed in opposition or in reply. this Court also does not address them.

[6] Defendants also contend that this claim fails because plaintiff admits to discussing loss mitigation with defendants, among other things, those admissions reasonably infer defendants complied with the provisions of § 2923.5. *See* Doc. # 3 at 14-15. Because this Court finds plaintiff's § 2923.5 claim is preempted, this argument will not be addressed.

... section 2923.5 preempted by federal law? No–but we must emphasize, it is not preempted because the remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more.'" Doc. # 4 at 8 (quoting Mabry v. Superior Court, 185 Cal.App.4th 209, 214 (2010)). In reply, defendants point out Mabry does not bind this Court with respect to the issue of federal preemption, noting courts within the Ninth Circuit, including in this district, "have expressly challenged the Mabry decision ... and directly held that § 2923.5 is indeed preempted." Doc. # 5 at 6-7 & n.20. (citing Taquinod, 201 U.S. Dist. LEXIS 127677 at *19-20; Beall, 2011 U.S. Dist. LEXIS 29184 at *22); Giordano v. Wachovia, FSB, 2010 U.S. Dist. LEXIS 13624 at *10-14 (N.D.Cal. 2010)).

This Court is persuaded by the case authority cited by defendants. Specifically, this Court agrees with the reasoning presented by the Giordano court, in which the court found it would still dismiss the § 2923.5 claim as preempted even if it were to conclude, as suggested in Mabry, that foreclosure proceedings do not fall within the preempted category of loan servicing under the Home Owner's Loan Act ("HOLA"), 12 U.S.C. § 1464, and applied the analysis approved in Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008) in determining the issue of preemption. Giordano, 2010 U.S. Dist. LEXIS 136284 at *10-14. The Giordano court found, after extensive analysis, that § 2923.5 was preempted by HOLA because it imposes additional disclosure and communications obligations upon a lender prior to commencement of foreclosure proceedings and thus is not incidental to lending. Id. This Court agrees with defendants that the same analysis can be applied to the NBA, which contains nearly identical language as that found in HOLA. *See* Doc. # 5 at 6-7. Therefore, this Court finds plaintiff's § 2923.5 claim must be dismissed with prejudice as preempted by the NBA.

### 2. Section 2924

Plaintiff's complaint alleges defendants did not have authority to execute the NOD or the NOS at the time of service because no substitution of trustee had been filed giving defendant NDEx such authority in violation of California Civil Code § 2924(a). *See*

Compl. ¶ 80. Defendants move to dismiss this claim on the grounds that there is no legal basis for the claim. Doc. # 3 at 18-19. Defendants argue that, by seeking such relief, plaintiff is "attempting to impermissibly impose a judicial review of the nonjudicial foreclosure process." Id. Defendants point out that courts have rejected attempts to test whether defendants have the authority to foreclose under a DOT under § 2924 because "'nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground to imply such an action.'" Id. at 19 & n.101 (quoting Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1154 (2011)). In opposition, plaintiff does not dispute defendants' argument but, instead, contends the issue of whether NDEx was indeed authorized to foreclose on the DOT is a disputed fact. *See* Doc. # 4 at 9-10.

This Court agrees with defendants that the statute does not provide for judicial review of the nonjudicial foreclosure process and, therefore, plaintiff's § 2924 claim cannot stand and must be dismissed with prejudice.

        **d.**      **Fraudulent Concealment**

Next, defendants move to dismiss plaintiff's fraudulent concealment claim on the grounds that it fails to meet the heightened pleading standard required under Rule 9(b) of the Federal Rules of Civil Procedure. Doc. # 3 at 20. Defendants contend plaintiff fails to satisfy the "who, what, where" pleading requirements by failing to separate the individual defendants in order to inform them of their alleged participation in the fraud. Id. Defendants further contend that plaintiff's claim fails to allege facts to support all elements of the fraud claim. Id.

In opposition, plaintiff contends he sufficiently alleges defendants made statements to plaintiff that his loan modification request was under review and that those statements were fraudulent because his loan is still under review. *See* Doc. # 4 at 10. However, as defendants note in reply, plaintiff's claim that the statements made by defendants were fraudulent simply because the loan modification is still under review cannot support a fraud claim absent additional allegations. *See* Doc. # 5 at 8. This Court notes defendants

1  are correct that plaintiff does not address the deficiencies pointed out in the motion
2  regarding grouping all defendants into one claim, failing to identify specific fraudulent acts
3  by any one defendant or naming any person acting fraudulently.  Id.  Thus, this Court
4  finds plaintiff's fraudulent concealment claim clearly fails to meet the specificity
5  requirements of Rule 9(b).  Therefore, defendants' motion to dismiss this claim is granted.

        **e.**        **Negligence**

7  Defendants contend plaintiff's negligence claim must be dismissed because
8  defendants do not owe a legal duty to plaintiff and plaintiff fails to allege facts
9  demonstrating the existence of such duty.  Doc. # 3 at 21-23.  Plaintiff agrees, in
10 opposition, that, as a general rule, lenders do not owe a duty to borrowers but contends
11 such a duty has been judicially imposed by courts in the Ninth Circuit in cases involving
12 lenders processing loan modifications for homeowners seeking to avoid foreclosure.  Doc.
13 # 4 at 11 (citing Garcia v. Ocwen Loan Servicing, LLC, 2010 WL 1881098 (N.D. Cal.
14 2010); Osei v. Countrywide Home Loans, 692 F.Supp.2d 1240 (E.D. Cal. Mar. 3, 2010);
15 Watkinson v. MortgageIT, Inc., 201 WL 2196083 (S.D. Cal. June 1, 2010)).  Plaintiff
16 contends that the factors balanced by courts in deciding whether to impose a duty weigh
17 in favor of imposing such a duty here.  Id. (citing Nymark v. Heart Federal Savings &
18 Loan Assn., 231 Cal.App.3d 1089, 1098 (1991)(test for imposition of a duty includes
19 balancing (1) the affect upon plaintiff; (2) the foreseeability of harm to plaintiff; (3)
20 degree of certainty of injury; (4) the closeness of the connection between defendant's
21 conduct and plaintiff's injury; (5) the moral blame attached to defendant's conduct; and
22 (6) the policy of preventing future harm)).

23 In reply, defendants argue that the cases cited by plaintiff are factually
24 distinguishable from this case and are "contrary to the plethora of case law cited" by
25 defendants in the motion.  Doc. # 5 at 8.  Specifically, defendants point out that Garcia
26 involved a borrower whose loan modification application was routed to the wrong
27 department and, instead of processing the application, the lender sold the property
28 without providing the borrower prior notice of the sale, whereas, here, plaintiff's

modification request is still pending. Id. (citing Garcia, 2010 WL 1881098 at *1-2 (finding duty owed because of the mismanaged application for modification)). Defendants next point out that, in Osei, the court held the lender had a duty of care to make the required disclosures under the Real Estate Settlement Procedures Act ("RESPA"), a statute not at issue here and, in Watkinson, the court held that a lender who intentionally misstated the value of the property in order to induce the borrower into acquiring a riskier loan could be held liable for negligence, a situation clearly not at issue in this case. Id. at 9. Thus, defendants contend that there is no reason to support an imposition of a legal duty of care upon defendants in this case. Id.

This Court agrees with defendants. This Court is unconvinced that this case is analogous to those cases in which the court imposed a legal duty upon a defendant in cases involving a foreclosure action. The loan modification application here was not misdirected, there are no allegations of RESPA violations, and no alleged misstatements regarding the value of the property. Thus, this Court finds no reason to impose a legal duty upon defendants. Therefore, this Court finds plaintiff's negligence claim fails.

### f. Declaratory Relief

Plaintiff's declaratory relief claim seeks a judicial declaration, pursuant to California Code of Civil Procedure § 1060, that the NOD is invalid, the acts of NDEx were overreaching, and that plaintiff is entitled to a good faith financial assessment in order to pursue avenues to avoid foreclosure. *See* Compl. ¶¶ 109-110. Defendants contend plaintiff's declaratory relief claim is a request for an advisory opinion that is prohibited under federal law. Doc. # 3 at 23 (citing Parcray v. Shea Mortg. Inc., 2010 WL 1659369 at *5 (E.D. Cal. 2010); Hillblom v. United States, 896 F.2d 426, 430 (9th Cir. 1990)). In opposition, plaintiff contends an advisory opinion is warranted here because it would "assist the parties in understanding their rights and obligations and eliminate the need for trial." Doc. # 4 at 13. In reply, defendants contend such an opinion is not only unwarranted but is unavailable here since plaintiff seeks, by way of this declaratory relief, to redress past wrongs, *i.e.*, the events surrounding the recordation of the NOD, noting

"'[d]eclaratory relief operates prospectively to declare future rights, rather than redress past wrongs.'" Doc. # 5 at 10 (quoting County of San Diego v. State, 164 Cal.App.4th 580, 605 (2008)). This Court again agrees with defendants and finds an advisory opinion is unavailable and unwarranted here. Thus, defendants' motion to dismiss plaintiff's declaratory relief claim is granted.

### g. Business & Professions Code § 17200

Lastly, defendants move to dismiss plaintiff's unfair competition law ("UCL") claim pursuant to California Business & Professions Code § 17200 fails on the grounds that, because plaintiff's remaining causes of action fail, plaintiff's UCL claim predicated on those other claims, must necessarily fail as well.[7] Doc. # 3 at 25. In opposition, plaintiff contends the allegations in the complaint are sufficient to state a claim for relief, including allegations of injury due to defendants' unlawful, fraudulent or unfair conduct. Doc. # 4 at 13. In reply, defendants point out relief under the UCL is not available to redress past conduct as plaintiff currently seeks in his complaint. Doc. # 5 at 10 (citing Mangini v. Aerojet-General Corp., 230 Cal.App.3d 1125, 1155-56 (1991)). Defendants further point out that the instant complaint lacks allegations of an injury-in-fact suffered by plaintiff as result of defendants' alleged deceptive conduct. Id. In addition, defendants contend plaintiff's UCL claim must fail because it is predicated on his remaining causes of action which all fail. Id.

The UCL defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17200 (West 2012). The UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Chen v. Citibank, FSB, 2011 WL 3739535 at *3 (S.D. Cal. Aug. 24, 2011). This Court

---

[7] Defendants also argue that plaintiff alleges no facts to demonstrate any conduct by defendants could be classified as unlawful, fraudulent or unfair business act or practice and cannot allege he suffered an injury-in fact as a result of the unlawful, fraudulent or unfair acts. Doc. # 3 at 24-25. Because this Court finds plaintiff's UCL claim fails due to the fact that it is predicated on now dismissed claims, this Court does not address these arguments.

finds plaintiff's UCL claim must necessarily fail because it is predicated upon claims that have now been dismissed.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendants' motion to dismiss [doc. # 3] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants' motion to dismiss plaintiff's breach of the implied covenant of good faith and fair dealing claim for lack of standing is **DENIED**;

2. Defendants' motion to dismiss plaintiff's breach of the implied covenant of good faith and fair dealing for failure to state a claim for relief is **GRANTED** and plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**;

3. Defendants' motion to dismiss based on lack of tender is **DENIED**;

4. Defendants' motion to dismiss plaintiff's wrongful foreclosure claim pursuant to California Civil Code § 2923.5 is **GRANTED** and plaintiff's claim is **DISMISSED WITH PREJUDICE** as preempted by federal law;

5. Defendants' motion to dismiss plaintiff's wrongful foreclosure claim pursuant to California Civil Code § 2924 is **GRANTED** and plaintiff's claim is **DISMISSED WITH PREJUDICE**;

6. Defendants' motion to dismiss plaintiff's fraudulent concealment claim is **GRANTED** for lack of specificity and for lack of facts demonstrating wrongful conduct and plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**;

7. Defendants' motion to dismiss plaintiff's negligence claim is **GRANTED** and plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**;

8. Defendants' motion to dismiss plaintiff's declaratory relief claim is **GRANTED** and plaintiff's claim is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**; and

1        9.      Defendants' motion to dismiss plaintiff's claim pursuant to California Business & Professions Code § 17200 is **GRANTED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.

IT IS FURTHER ORDERED that, should plaintiff wish to proceed further, plaintiff must file his first amended complaint that cures the deficiencies outlined herein **no later than November 2, 2012**.

DATED:     September 26, 2012

JOHN A. HOUSTON  
United States District Judge